IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 08 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02620-BNB

JESUS RODRIGUEZ,
   Applicant,

v.

GEORGE DUNBAR, Warden, B.V.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
   Respondents.

## ORDER OF DISMISSAL

Applicant Jesus Rodriguez is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Rodriguez initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Pueblo County District Court case number 07CR624.

On November 30, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On January 11, 2010, Respondents filed their Pre-Answer Response. On January 29, 2010, Mr. Rodriguez filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Rodriguez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Following a jury trial, Mr. Rodriguez was convicted of two counts of conspiracy to distribute a controlled substance and acquitted of two counts of distribution of a controlled substance. He was sentenced to concurrent terms of sixteen years in prison on each count. Prior to filing a notice of appeal, Mr. Rodriguez filed a *pro se* motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure claiming that his conspiracy convictions were illegal because the conspiracy convictions rested on the same fund of evidence that supported the substantive counts for which he was acquitted. The Rule 35(a) motion was denied and the Colorado Court of Appeals subsequently affirmed the judgment of conviction. *See People v. Rodriguez*, No. 08CA2041 (Colo. Ct. App. July 16, 2009).

The Court received the instant action for filing on November 3, 2009. In his habeas corpus application, Mr. Rodriguez asserts the following two claims for relief:

(1) Applicant's right to due process was violated because police officers made repeated references during their trial testimony to an audiotape of a controlled drug transaction but the audiotape, which could have benefitted the defense, was not introduced into evidence or played for the jury.

(2) Applicant's rights to due process and equal protection were violated because defense counsel failed to object to the trial court's instruction on complicity.

Although Mr. Rodriguez identifies his second claim as a violation of due process and

equal protection, the Court will construe the second claim as an ineffective assistance of counsel claim because Mr. Rodriguez alleges that counsel was deficient in failing to challenge the trial court's instruction on complicity.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Rodriguez failed to exhaust state remedies for either claim asserted in the application.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents argue that Mr. Rodriguez' first claim is unexhausted and procedurally defaulted because the claim was not raised in his appeal to the Colorado Court of Appeals and cannot be raised in a postconviction motion. If Mr. Rodriguez' first claim would be barred from review in state court on an independent and adequate state procedural ground, the claim technically is exhausted because Mr. Rodriguez no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. However, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Respondents argue that Mr. Rodriguez' second claim, the ineffective assistance of counsel claim, was not raised by Mr. Rodriguez on direct appeal and remains unexhausted because the claim can be raised in a state court postconviction motion.

The Court has reviewed the state court appellate briefs filed by Mr. Rodriguez, copies of which were submitted by Respondents with their Pre-Answer Response. As evidenced by those briefs, Mr. Rodriguez raised two claims on direct appeal following the judgment of conviction. He first claimed that the verdicts were inconsistent because he was convicted of conspiracy and acquitted of the related substantive crimes even though there was no independent evidence of any conspiracy. Mr. Rodriguez argued in his second claim on direct appeal that the two conspiracy convictions violate double jeopardy because, even if there was independent evidence of a conspiracy, there was evidence of only one conspiracy. Mr. Rodriguez did not raise on direct appeal any claim challenging either the failure to introduce into evidence the audiotape of the controlled drug transaction or counsel's failure to challenge the trial court's complicity instruction. Mr. Rodriguez also does not present any reasoned argument in his reply to Respondents' Pre-Answer Response to demonstrate either that he has fairly presented his claims to the state's highest court or that no adequate state remedy exists to be exhausted. In fact, the cases cited by Mr. Rodriguez in his reply are not even relevant to the issue of exhaustion of state remedies in a habeas corpus case pursuant to 28 U.S.C. § 2254. Therefore, the Court finds that Mr. Rodriguez failed to exhaust state court remedies for both of the claims he raises in this action.

As noted above, Respondents also argue that Mr. Rodriguez' first claim is procedurally defaulted. However, the Court will not address the procedural default

argument because the Court cannot dismiss the first claim as procedurally barred, which would operate as a decision on the merits as to that claim, and dismiss the second claim without prejudice for failure to exhaust state remedies. Even if Respondents are correct that the first claim is procedurally barred and, as a result, technically exhausted, the Court must dismiss the entire action as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133. Therefore, the Court will dismiss the entire action without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 5 day of February, 2010.

BY THE COURT:

/s/ Christine M. Arguello for

CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02620-BNB

Jesus Rodriguez
Prisoner No. 81701
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **2/8/10**

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk